UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS SHAFFER,<br><br>        Petitioner,<br><br>    v.<br><br>WILLIAM MUNIZ,<br><br>        Respondent. | No.  2:15-cv-2591 KJN P<br><br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 6, 2016, respondent filed a motion to dismiss alleging that petitioner failed to exhaust two claims that were included in his direct appeal but were not presented to the California Supreme Court.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at

1

277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Here, respondent contends that petitioner has not filed any habeas petitions in the California Supreme Court in order to exhaust the two previously unexhausted claims, and that to the extent petitioner might attempt to raise on state habeas a claim that was previously raised in the California Court of Appeal on direct review, that claim would now be procedurally barred. (ECF No. 10 at 4.)  Thus, respondent argues that it would be futile to stay[1] the instant petition to

---

[1] Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action.  See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).

First, under Rhines, a district court may stay a mixed petition if the following conditions are met:  (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id., 544 U.S. at 278.  The Supreme Court has made clear that this option "should be available only in limited circumstances."  Id. at 277.  Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court.  Id. at 277-78.

Second, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion.  King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063).  If the petition currently on file was fully exhausted, petitioner could seek a stay-and-

allow petitioner to pursue unexhausted claims previously contained in petitioner's direct appeal. (ECF No. 10 at 4-5.)

This court may not address the merits of a petition for writ of habeas corpus unless petitioner has exhausted state court remedies with respect to each of his federal claims.  Rose, 455 U.S. at 509; 28 U.S.C. § 2254(b)(1).  However, a habeas petitioner may request that a federal action be stayed to allow for exhaustion in state court.

However, petitioner has not filed an opposition to the motion or requested a stay.  Local Rule 230(l) provides in part:  "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  Good cause appearing, IT IS HEREBY ORDERED that petitioner show cause, within twenty-one days, why respondent's July 6, 2006 motion to dismiss should not be granted.

Dated:  October 25, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

shaf2591.46.hab

---

abeyance order to exhaust claims not raised in that federal petition under Kelly.  However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles."  King, 564 F.3d at 1140-41.  If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition.  Thus, the Kelly approach is riskier for petitioners in that the timeliness of the new claims will depend on whether they "relate back" to the original, timely filed claims.  King, 564 F.3d at 1142, citing Mayle v. Felix, 545 U.S. 644 (2005).