UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS SHAFFER, | No. 2:15-cv-2591 JAM KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WILLIAM MUNIZ, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. Petitioner challenges his 2012 conviction of murder, with special circumstances, as well as multiple counts of oral copulation, genital penetration, and rape of another victim. Petitioner was sentenced to life without the possibility of parole. Respondent moved to dismiss the petition for petitioner's failure to exhaust state remedies as to all of his claims. After being granted extensions of time, petitioner filed an opposition. Respondent did not file a reply. As set forth below, respondent's motion to dismiss should be granted, but petitioner should be granted leave to file an amended petition.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.  Id. at 522.

As noted by respondent, petitioner simply incorporated a copy of his opening brief filed in the California Court of Appeal on his direct appeal of his conviction.  (ECF No. 1.)  Thus, petitioner presents the following nine claims:  (1) the trial court prejudicially erred in denying petitioner's motion to sever trial on the rape and murder charges; (2) there was insufficient evidence of anal penetration with respect to R.S.; (3) the jury instruction about prior uncharged sexual offenses permitted an irrational permissive inference; (4) a jury instruction diluted the People's burden of proof on third party culpability; (5) Petitioner's trial counsel was ineffective

for failing to request an instruction on third party culpability; (6) there was insufficient evidence as to lack of consent on counts four through nine; (7) there was insufficient evidence to support one of the convictions for oral copulation against T.T.; (8) Petitioner's counsel was ineffective for allowing the prosecution to establish the rape alleged in count nine with the use of inadmissible hearsay evidence; and (9) the jury should have been instructed that it determine inconsistency before using a prior statement.  (ECF No. 1.)

Following the denial of his direct appeal, petitioner filed a petition for review in the California Supreme Court.  (Respondent's Lodged Document ("LD") 2.)  However, in the petition for review, petitioner raised only seven of the nine claims set forth above:

The first issue set forth petitioner's seventh claim in the federal petition.  The second issue consisted of his first claim in the federal petition.  The third issue restated petitioner's third argument in his federal petition. The fourth issue set forth his fourth argument from his federal petition.  The fifth issue restated his fifth argument in his federal petition.  The sixth issue reasserted his second argument in his federal petition.  The seventh issue restated his sixth argument in the federal petition.  (LD 2.)  Petitioner's eighth and ninth claims in his federal petition were not included in his petition for review.  Because the eighth and ninth claims were not presented to the California Supreme Court, those two claims are unexhausted.

In his opposition, petitioner appears to concede that claims eight and nine are not exhausted, and states that he does not wish to raise such claims in federal court. (ECF No. 15 at 4-5.)  Petitioner asks the court to dismiss only the unexhausted claims and to allow him to proceed with those claims properly exhausted in the California Supreme Court.  (ECF No. 15 at 5.)  Petitioner confirms that he is aware that the district court has the power to stay a habeas petition pending exhaustion, under Rhines v. Weber, 544 U.S. 269 (2005), but that petitioner states he "does not need to stay [his] petition under the stay & abeyance procedure."  (ECF No. 15 at 6.)

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies as to claims eight and nine, and does not wish to seek a stay of such

////

claims.² Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases. Here, petitioner confirms that he does not intend to pursue claims eight and nine in federal court.

Therefore, the undersigned finds that the petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed.³ Rose, 455 U.S. at 522 (If the petition combines exhausted and unexhausted claims, the United States Supreme Court requires dismissal of the entire habeas petition without reaching the merits of any of its claims). However, petitioner should be granted thirty days to file an amended petition raising only exhausted claims one through seven.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court send petitioner the form for filing a petition for writ of habeas corpus; and

---

² Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines, 544 U.S. at (2005) (staying timely mixed petition if the requirements of Rhines are met); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition). Under Kelly, the court may stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). If the instant petition was fully exhausted, petitioner could seek a stay-and-abeyance order to exhaust claims not raised in that federal petition under Kelly. However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41. If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. Thus, the Kelly approach is riskier for petitioners in that the timeliness of the new claims will depend on whether they "relate back" to the original, timely filed claims. King, 564 F.3d at 1142, citing Mayle v. Felix, 545 U.S. 644 (2005).

³ Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted;

2. The petition for writ of habeas corpus (ECF No. 1) be dismissed; and

3. Within thirty days from any order adopting these findings and recommendations, petitioner be directed to file an amended petition raising only his exhausted claims one through seven.  Petitioner is cautioned that failure to file such amended petition will result in a recommendation that this action be dismissed.  Rose, 455 U.S. at 522.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 12, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/shaf2591.mtd.fte.hc

5