UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS SHAFFER,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM MUNIZ,<br><br>    Respondent. | No. 2: 15-cv-2591 JAM KJN P<br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the amended petition filed February 8, 2017. (ECF No. 19.) On June 21, 2017, petitioner filed a supplemental petition. (ECF No. 27.) The supplemental petition raises two claims not raised in the amended petition: 1) the prosecution used DNA evidence not suitable for comparison to petitioner's reference profiles due to the quality of the mixture; and 2) the all-white jury was prejudicial. (Id.)

On June 26, 2017, respondent filed an answer. (ECF No. 28.) Respondent argues that the two new claims raised in the supplemental petition are not exhausted.

The undersigned agrees that the two new claims raised in the supplemental petition are not exhausted. However, for the reasons stated herein, petitioner is ordered to show cause why the two new claims raised in the supplemental petition should not be dismissed on the grounds that they are barred by the statute of limitations. See Herbst v. Cook, 260 F.3d 1039, 1042–43 (9th

Cir. 2001) ("the district court has the authority to raise the statute of limitations sua sponte and to dismiss the petition on those grounds, [but] that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond.")

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

The California Supreme Court denied petitioner's petition for review on January 28, 2015. (Respondent's Lodged Document 6.) Therefore, petitioner's conviction became final 90 days later on April 28, 2016, when the period for filing a petition for writ of certiorari with the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The one year limitations period commenced running the following day, i.e., April 29, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The statute of limitations expired one year later on April 29, 2016.

////

////

////

Petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) because he did not file any state habeas corpus petitions. In addition, the undersigned finds no grounds for finding that petitioner is entitled to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010) (the one year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time). Thus, the claims raised in the supplemental petition are not timely.

The undersigned also observes that even if petitioner were to exhaust his new claims, they would still be untimely as they do not relate back to the claims raised in the original petition. The Supreme Court has held a petitioner "may amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a 'common core of operative facts' with the claims in the pending petition." King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009) (quoting Mayle v. Felix, 545 U.S. 644, 659 (2005)). A new claim does not relate back simply because it is related to the same trial, conviction, or sentence as the original claims. Mayle, 545 U.S. at 662. Rather, relation back will be allowed where the new claim is "based on the same facts as the original pleading and only changes the legal theory." Id. at 664 n.7 (internal quotation marks and citation omitted). Otherwise, the statute of limitations "would have slim significance." Id. at 662.

The amended petition raises the following claims: 1) prejudicial joinder of charges; 2) insufficient evidence to support count 2 and the special circumstance finding; 3) jury instruction regarding spousal rape contained irrational permissive inference; 4) CALCRIM No. 3.02 diluted the prosecution's burden of proof; 5) ineffective assistance of counsel; 6) insufficient evidence of petitioner's mental state with respect to counts four through eight ; 7) insufficient evidence concerning two acts of oral copulation. (ECF No. 19.)

Petitioner's new claims regarding DNA evidence and the all-white jury are unrelated to the timely claims raised in the amended petition. In claim two of the amended petition, petitioner argued that there was insufficient evidence to support his conviction for sodomizing victim R.S. and for the related special circumstance. In particular, petitioner argued that there was insufficient evidence to sustain the jury's finding that he penetrated the victim. Petitioner

3

challenged the testimony of the forensic pathologist regarding the extent of tears in the victim's anus. In the supplemental petition, petitioner challenges the DNA evidence linking him to victim R.S. This new claim is not based on the facts alleged in support of the insufficient evidence claim raised in the amended petition.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall show cause why the two new claims raised in the supplemental petition should not be dismissed on grounds that they are barred by the statute of limitations.

Dated: June 7, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sh2591.ord